MILO BAXTER, ETC., *v.* CURTIS M. FIELDER, ETC.

**Fraudulent Conveyance—Heirs of Vendor Cannot Inherit.**

> Appellant proves that Wm. Fielder caused the land to be conveyed to Mrs. Coen to protect it from his creditors. Such being the case, she had a right to hold it as against him and his heirs; therefore, the appellant did not take any part of it by inheritance upon the death of his father.

FROM THE MADISON CIRCUIT COURT.

October 3, 1871.

OPINION BY JUDGE LINDSAY:

The evidence in this case shows that Curtis Fielder, the real debtor, never held the title to any portion of the tract of land for the purchase price of which the note of Elizabeth Tudor to his wife was given. Upon the contrary, the legal title to such land was in Mrs. Coen from the year 1856 up to the sale to Tudor. Appellants prove that Wm. Fielder caused the land to be conveyed to Mrs. Coen to protect it from his creditors. Such being the case, she had the right to hold it as against him and his heirs.

Therefore his son, Curtis Fielder, did not take any part of it by inheritance upon his father's death. As the land could not have been subjected to the payment of Curtis Fielder's debts, Mrs. Coen had the right to give one of the notes given for the

purchase price thereof to his wife, and this note until it was reduced to the husband's possession could not be taken by his creditors. He died without having reduced it to possession. Wherefore appellant's petitions were properly dismissed. Judgment affirmed.

*Turner, for appellants.*

*Burnam, for appellees.*